**UNITED STATES OF AMERICA, Plaintiff–Appellee,**

v.

**Robert Edward CARTER, Defendant–Appellant.**

No. 00–50390.

D.C. No. CR–98–02207–IEG.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2000.

Decided Jan. 12, 2001.

fornia, sitting by designation.

Before D.W. NELSON, BRUNETTI, and KOZINSKI, Circuit Judges.

### MEMORANDUM *

We affirm the district court's finding of a *Brady* violation. The information contained within the documents and photographs was crucial to the decision of whether to proceed with an insanity defense or an identity defense. Turning these materials over after the first day of trial, when the prosecution's case-in-chief was almost complete, was prejudicial in light of the information's importance to the defense strategy.

To claim double jeopardy as a bar to retrial, Carter must demonstrate that the "governmental conduct in question [was] intended to 'goad' the defendant into moving for a mistrial." *Oregon v. Kennedy*, 456 U.S. 667, 676, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). That intent will be inferred from "objective facts and circumstances." *Id.* at 675, 102 S.Ct. 2083. Carter asks that we draw that inference from the district court's suppression of a large portion of the government's expert testimony the day before trial. Because of the loss of this testimony, alleges Carter, the prosecution desired and obtained a continuance through the indirect method of revealing previously hidden discovery and provoking the defense into asking for a mistrial.

We find this evidence insufficient to infer intent. First, the prosecutor's intent in committing the *Brady* violation is irrele-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

vant to the analysis. "[U]nless [the prosecutor] is trying to abort the trial, his misconduct will not bar a retrial. It doesn't even matter that he knows he is acting improperly, provided that his aim is to get a conviction. The only relevant intent is intent to terminate the trial, not intent to prevail at this trial by impermissible means." *United States v. Oseni,* 996 F.2d 186, 188 (7th Cir.1993) (citations omitted).

Second, Carter has failed to show how the timing of the revelation and the damages to the government's case supports the intent to terminate the trial. Even if the prosecutor had "lost control of his case," Carter has not established that "the prosecutor believed he would be better off starting a new trial." *United States v. Lun,* 944 F.2d 642, 645 (9th Cir.1991). In fact, the prosecutor vigorously opposed the mistrial and offered the court alternative remedies.

▮ Carter has also failed to demonstrate prosecutorial misconduct rising to the level which requires dismissal of the indictment pursuant to a district court's supervisory powers. *United States v.. Kearns,* 5 F.3d 1251, 1253 (9th Cir.1993). Although the government's failure to disclose the information was incompetent and prejudicial, these events do not rise to "flagrant misbehavior." *Id.* Any prejudice to Carter was rectified by granting the mistrial and permitting a subsequent retrial with the new evidence. For these reasons, we affirm the district court's denial of the motion to dismiss the indictment.

We also affirm the district court's decision to limit the evidentiary hearing to one witness, the FBI Agent in charge of the case file. Additional evidence from another investigator regarding the *Brady* violation would not have shed light on the prosecution's motive for revealing that information. The district court judge acted within its discretion by listening to the prosecutor's informal explanation for the events that occurred, without requiring him to testify as a witness.

AFFIRMED.